## 3

### A. S. J. SHAW, State Auditor, Substituted for C. C. Childers, State Auditor of the State of Oklahoma, Plaintiff in Error, v. GIBSON–ZAHNISER OIL CORPORATION et al., Defendants in Error.

Circuit Court of Appeals, Eighth Circuit.
August 4, 1928.

No. 7567.

In Error to the District Court of the United States for the Western District of Oklahoma.

V. P. Crowe, of Enid, Okl. (George F. Short and Edwin Dabney, both of Oklahoma City, Okl., on the brief), for plaintiff in error.

C. B. Cochran, of Oklahoma City, Okl. (C. B. Ames, of Oklahoma City, Okl., Russell G. Lowe, of Tulsa, Okl., and B. A. Ames, of Oklahoma City, Okl., on the brief), for defendants in error.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is a writ of error from a judgment sustaining an action by defendants in error to recover gross production taxes paid to the state of Oklahoma, under protest, which were levied upon oil produced from land leased from Miller Tiger. Miller Tiger, a full-blood Creek Indian, received his allotment, and thereafter a departmental oil and gas lease was executed, covering the same. The royalties therefrom were paid to the superintendent and special disbursing agent for the Five Civilized Tribes.

On July 26, 1915, Miller Tiger, who was a minor, through his guardians, Rosanna Brown and Barclay Morgan, requested the county court of Okmulgee county to invest the sum of $3,000 of these royalties in 160 acres of agricultural land in Okfuskee county, Oklahoma. Upon a hearing the court authorized the purchase of said land, and on October 24, 1915, the superintendent of the Five Civilized Tribes purchased said land out of the royalties in his hands by a check drawn upon the Miller Tiger fund payable to said guardians, and said check was by said guardians deposited in their general guardianship account in bank. On the same day the guardians drew their check against said account in favor of the vendor and delivered it to him in payment of the purchase price of the land. In the meantime, on July 26, 1915, the special form of deed had been executed in accordance with the conditions exacted by the department and by the court with the clause that said land should not be alienated or leased during the lifetime of the grantee prior to April 26, 1931, without the consent of and approval by the Secretary of the Interior.

Prior to the purchase of said land for Miller Tiger, the same was owned by C. L. Nelson, a non-Indian citizen, and such land was legally subject to state, county, and municipal taxation while so owned. Since the purchase of said land for Miller Tiger, for the years 1916–1925, inclusive, ad valorem taxes on such land have been paid the county treasurer of Okfuskee county by the United States Indian Agency at Muskogee, Okl., and the said Miller Tiger still owns his original allotment in Okfuskee county, Oklahoma. On February 10, 1919, Miller Tiger executed a

departmental oil and gas lease on the land so purchased to G. L. Sandlin, which lease was thereafter assigned to E. L. Robinson and Gibson-Zahniser Oil Corporation, defendants in error herein. Operating under said lease, defendants in error have produced oil upon which the state auditor of Oklahoma has levied and assessed gross production taxes in the total sum of $20,923.01, which said taxes were paid the state auditor by defendants in error under protest, and this suit was instituted to recover the same.

Because of the importance of the matters in issue here to the state of Oklahoma, and because of the frequency with which the same situation arises in that state, this court deemed it wise to certify the issues herein to the Supreme Court in order that there might be a final authoritative determination thereof. The questions certified to that court were as follows:

"1. Had the Secretary of the Interior, on October 24, 1915, when this land was purchased, power to exempt from such state taxation land purchased under his supervision for a full-blood Creek Indian with trust funds of that Indian, where the land so purchased was, at that time, subject to all state taxes?

"2. Is this tax a forbidden tax upon a federal instrumentality?"

In a clear, exhaustive opinion (Shaw v. Gibson-Zahniser Oil Corporation et al., 48 S. Ct. 333, 72 L. Ed. ——, decided April 9, 1928), Mr. Justice Stone reviewed the law and answered both of the above questions in the negative. Those answers and that opinion dispose of the issues in this case and require a reversal of the judgment.

The judgment is reversed, and the case remanded for proceedings in accordance with this opinion and the above opinion of the Supreme Court.